IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIM SCOTT COLE a.k.a. JAMES SCOTT ALVA, Plaintiff | : : : : |
| v. | : No. 1:23-cv-01203 : : (Judge Kane) |
| SAGE, et al., Defendants | : : : |

## MEMORANDUM

This is a prisoner civil rights case filed by pro se Plaintiff Jim Scott Cole, also known on certain official documents as James Scott Alva ("Plaintiff"). The Court has been unable to contact Plaintiff at any point since he filed the case. For the reasons stated below, the Court will dismiss the case with prejudice for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### I. BACKGROUND

On July 3, 2023, Plaintiff initiated this case by filing a complaint against various defendants employed by the United States Bureau of Prisons ("BOP") in the United States District Court for the Eastern District of Pennsylvania ("Eastern District"). (Doc. No. 1.) He filed amended complaints on July 10, 2023 and July 13, 2023. (Doc. Nos. 2–3.) The Eastern District transferred the case to the Middle District of Pennsylvania on July 19, 2023, because Plaintiff is incarcerated in this district and his claims appear to arise from facts occurring in this district. (Doc. No. 5.)

Because Plaintiff had neither paid the filing fee nor moved for leave to proceed in forma pauperis, the Court issued a thirty-day administrative order on July 20, 2023, directing Plaintiff

to pay the filing fee or move for leave to proceed in forma pauperis within thirty days. (Doc. No. 8.) Plaintiff filed a third amended complaint on August 1, 2023. (Doc. No. 10.)

On August 8, 2023, mail sent to Plaintiff was returned to the Court as undeliverable. (Doc. No. 11.) A notation from prison officials noted that the name and registration number on the envelope did not match BOP records. (Id.) Prison staff attempted to resolve the discrepancy by asking Plaintiff for his name and registration number, but he refused to identify himself, instead stating, "I don't have a number, I don't work here." (Id.) Prison staff told him that the mail would be returned to sender and not given to him if he did not provide his name and registration number, but he again refused to identify himself. (Id.) The Court issued a second thirty-day administrative order on August 21, 2023. (Doc. No. 14.) The Order was returned to the Court as undeliverable on September 5, 2023. (Doc. No. 15.)

The Court issued a third thirty-day administrative order on September 20, 2023. (Doc. No. 19.) The Court noted that Plaintiff had filed the case under the name "Jim Scott Cole" but that BOP records appeared to list Plaintiff's official name as "James Scott Alva" and that, because of that discrepancy, mail sent to "Jim Scott Cole" was either not reaching Plaintiff or was refused by Plaintiff. (Id. at 1 n.1.) To remedy this defect, the Court directed the Clerk of Court to mail two copies of the thirty-day administrative order, one addressed to Jim Scott Cole, the other addressed to James Scott Alva. (Id.) The Court directed Plaintiff to accept any mail sent from the Court to either name. (Id.) The Court further noted that, if future proceedings indicated that Plaintiff was refusing mail addressed to either one of the names or otherwise hindering the Court's ability to communicate with him, "the Court may dismiss this case for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (Id.) The third thirty-day administrative order was returned to the Court as undeliverable and marked

"refused" on October 17, 2023.  (Doc. Nos. 21–22.)  The Court has not received any additional communications from Plaintiff since that date.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court."  See Fed. R. Civ. P. 41(b).  District courts have the inherent power to dismiss an action sua sponte for failure to prosecute.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).  When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

See id. at 868.  Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

## III.   DISCUSSION

Beginning with the first Poulis factor, because Plaintiff is proceeding pro se, he is personally responsible for his failure to accept mail sent to him from the Court or to provide accurate information to BOP officials.  See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002).  The first Poulis factor accordingly weighs in favor of dismissal.

The second Poulis factor—prejudice to the adversary—also weighs in favor of dismissal.  Plaintiff's actions have made it impossible for the Court to communicate with him and have therefore prevented this case from proceeding.  The Court finds that the third factor, a history of

dilatoriness, also weighs in favor of dismissal because the Court has been unable to communicate with Plaintiff at any point since he filed his complaint in this case.

The Court finds that the fourth and fifth Poulis factors—whether Plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—weigh in favor of dismissal.  First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives.  See, e.g., Cohn v. PSU, No. 1:20-cv-00961, 2022 WL 2231826, at *9 (M.D. Pa. June 21, 2022).  Second, because the Court has no way to communicate with Plaintiff, there is no viable alternative to dismissal.

The sixth and final factor, the meritoriousness of Plaintiff's claims, also weighs in favor of dismissal.  It appears from Plaintiff's third amended complaint that he is attempting to assert civil rights claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Expanding Bivens to a new context is a "disfavored" judicial activity.  See Egbert v. Boule, 142 S. Ct. 1793, 1797 (2022) (quoting Ziglar v. Abbasi, 582 U.S. 120, 135 (2017)).  If a case is meaningfully different from the three cases in which the Supreme Court has explicitly recognized a Bivens remedy—Bivens, 403 U.S. at 388; Davis v. Passman, 442 U.S. 228, 248–49 (1979), and Carlson v. Green, 446 U.S. 14, 18–23 (1980)—the Court must consider whether any special factors counsel against extending the Bivens remedy to the case.  Based on a review of Plaintiff's third amended complaint, it does not appear that his claims are so factually similar to the claims in Bivens, Davis, or Carlson that they could proceed under Bivens.  The Court accordingly finds that the meritoriousness of Plaintiff's claims weighs in favor of dismissal.

Upon balancing the Poulis factors, the Court finds that dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted.  In light of

Plaintiff's failure to communicate with the Court and failure to provide accurate information allowing the Court to communicate with him despite clear directives from the Court to do so, the Court will dismiss the case with prejudice. See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this case with prejudice for failure to prosecute. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania